**Sandra BISBEY, Appellant,**

v.

**D.C. NATIONAL BANK.**

No. 85–5900.

United States Court of Appeals, District of Columbia Circuit.

Argued May 9, 1986.
Decided June 13, 1986.

---

Saul M. Schwartzbach, Washington, D.C., for appellant.

George J. Mendelson, Rockville, Md., for appellee.

Before EDWARDS and BORK, Circuit Judges, and KOZINSKI,* Circuit Judge, United States Court of Appeals for the Ninth Circuit.

Opinion for the Court filed by Circuit Judge HARRY T. EDWARDS.

HARRY T. EDWARDS, Circuit Judge:

Sandra Bisbey challenges the refusal of the District Court to hold the District of Columbia National Bank ("the Bank") liable for a violation of the Electronic Fund Transfer Act of 1984 ("the Act").[1] The District Court found that the Bank, in its resolution of Ms. Bisbey's inquiry about her account, erroneously failed to deliver or mail to her an explanation of its investigative findings. However, the trial court concluded that the Act did not contemplate a finding of civil liability for this type of procedural mistake.

We reverse the District Court. Although there is no evidence of bad faith in this case, it is nonetheless clear that Bank officials failed to comply with provisions of the Act. Therefore, the case must be remanded for a determination of civil liability and attorney's fees.

## I. BACKGROUND

### A. *Facts*

Ms. Bisbey opened a checking account with the defendant Bank in January 1981. Subsequently, she authorized the Bank to debit her checking account for fund transfer directives submitted monthly by the New York Life Insurance Company ("NYLIC") for payment for her insurance premiums.

In September 1981, Ms. Bisbey's account lacked sufficient funds to cover the NYLIC directive, and no transfer was made. Thus, the September request was resubmitted by NYLIC in October, along with the latter month's directive. Appellant's funds were insufficient to satisfy either submission, both of which were covered by the Bank. As a result, two overdraft notices were sent to Ms. Bisbey, each in the amount of her monthly insurance premium. The appellant, having forgotten her nonpayment in September, believed that the Bank had erroneously made two payments in October.

At this point, Ms. Bisbey informed a customer representative of the Bank that she believed that an error had occurred with regard to these preauthorized transfers. Upon request by the Bank, she confirmed her inquiry by letter. Approximately ten days later, an official of the Bank tele-

---

* Sitting by designation pursuant to 28 U.S.C. § 291(a).

1. 15 U.S.C. § 1693 *et seq.* (Supp. II 1984).

phoned appellant and orally explained that there had been no improper duplication of her premium payments. Ms. Bisbey, however, still considered the matter unresolved, and she filed suit under the EFTA.

B. *Procedural History*

In her complaint, plaintiff alleged that the Bank unlawfully failed to properly inform her about the result of its investigation into the alleged duplication error in her checking account.[2] She sought compensatory, treble and liquidated damages; the Bank filed a counterclaim for costs and attorney's fees, alleging that the plaintiff had brought suit in bad faith.

In relevant part, the opinion of the District Court held that the Bank had failed to comply with its statutory obligation to provide written notice of its findings when it concluded that no electronic funds transfer error had occurred. However, the trial court determined that section 915 of the Act,[3] which provides for civil liability and attorney's fees for certain violations, was, by its own terms, not applicable to the mistake at issue. Finally, neither party was deemed to have acted in bad faith; thus, the District Court found that an award of attorney's fees was unwarranted.

II. ANALYSIS

Section 908(d) of the Act provides:

If [a] financial institution determines after its investigation ... that an error did not occur, it shall *deliver or mail to consumer an explanation of its findings within 3 business days* after the conclusion of its investigation, and upon

request of the consumer promptly deliver or mail to the consumer reproductions of all documents which the financial institution relied on to conclude that such error did not occur. *The financial institution shall include notice of the right to request reproductions with the explanation of its findings.*[4]

This section imposed a duty upon the Bank to "deliver or mail" the results of its investigation to Ms. Bisbey and to advise her of her right to request reproductions of all documents which it relied upon to conclude that no error occurred.[5] The oral notice given to appellant was insufficient with respect to the required "explanation," and it did not even purport to give "notice of the right to request reproductions" as required by the statute.

The Bank's foregoing failures to comply with the statute give rise to civil liability under section 915 of the Act. That section provides that "any person who fails to comply with any provision of [the Act] with respect to any consumer, except for an error resolved in accordance with section 908, is liable to such consumer" for actual damages or for a symbolic award. Thus, under the plain terms of the Act, civil liability attaches to *all* failures of compliance with respect to *any* provision of the Act, including section 908.

An examination of other provisions of the Act supports this analysis. We note, for example, that section 908(e) specifies certain egregious *violations of section 908* which would result in an award of treble damages, such as a failure to provisionally recredit a consumer's account while simul-

---

2. She also claimed that the Bank impermissibly failed to provisionally credit her checking account in the disputed amount pending resolution of her inquiry; however, that claim was decided adversely to her by the trial court and is not before us on appeal.

3. 15 U.S.C. § 1693m (Supp. II 1984).

4. *Id.* § 1693f(d) (emphasis added).

5. Although it did not cross-appeal the decision against it on this issue, the Bank suggests that the phrase "deliver or mail" encompasses oral

delivery of the results of an investigation and argues that this theory provides an alternative ground for dismissal of the case. We disagree. This section also requires that, at the customer's request, reproductions of documents be delivered or mailed, obviously requiring a physical transfer of documents by mail or by hand. We find it highly improbable that these phrases would possess different meanings when used so closely in conjunction.

In any event, the Bank has no explanation for its failure to give appellant "notice of the right to request reproductions," as required by the last sentence in the cited section.

taneously failing to perform a good faith investigation. The singling out of these particular violations and their focus on willful unlawfulness for an award of treble damages suggests that other failures to comply with the statute in the application of section 908 give rise to standard civil liability.

The Bank contends that the only "fail[ure]s to comply" to which civil liability should adhere are those which *may be* cured by the error resolution process of section 908. And, appellee maintains, it is unlikely that such procedural mistakes as occur in the course of an attempt to utilize the error resolution process would, in turn, be resolved by that same process.

This argument is patently flawed. There are "fail[ure]s of compliance" with the Act which cannot be or are unlikely to be resolved under section 908—such as a violation of section 908 itself—and which nonetheless give rise to civil liability. For example, section 910 sets forth the liability of financial institutions for damages caused by certain acts and omissions with regard to electronic fund transfers. These acts and omissions plainly constitute "fail[ure]s to comply" with the Act, yet they do not fall within the statutory definition of "error" for purposes of utilizing the error resolution procedures set forth in section 908.[6] But surely a financial institution cannot escape civil liability for a breach of section 910 merely because the breach cannot be resolved under section 908 pursuant to the "error" correction procedures. Civil liability attaches due to the "fail[ure] to comply" with the law.

Section 915 provides for an exception to civil liability for "an error resolved in accordance with section 908." Plainly, this exception has no play in this case. The Bank's failures to comply (*i.e.* the failure to "deliver or mail ... an explanation" *and* the failure to give "notice of the right to request reproductions") were never cured.

Therefore, these failures cannot be viewed as "errors resolved in accordance with section 908" within the exception to civil liability enunciated in section 915. The District Court's ruling to the contrary is simply wrong as a matter of law.

If the Bank had made a mistake in transferring funds from appellant's account and then had redressed the error pursuant to section 908 (without otherwise failing to comply with section 908), then the exception to section 915 would have to come into play. In such a case, the Bank could not be charged with civil liability for the mistaken transfer of funds because the "error" would have been fully cured pursuant to section 908. In this case, however, there is no problem with mistaken fund transfers; rather, the problem here has arisen because the Bank failed to comply with provisions in the Act when addressing a lawful inquiry about *possible* mistaken fund transfers.

It may seem odd that the Bank is held liable for a transaction that benefited the plaintiff. Ms. Bisbey's account contained insufficient funds to cover either of the premium requests submitted by NYLIC. Though she had no overdraft agreement, the Bank did not charge an overdraft fee. Thus, the effect of the Bank's payments was to provide her, at no cost, with insurance coverage she would not have had otherwise. Upon Bisbey's inquiry, the Bank gave her a correct report but neglected to send it in writing, as the statute requires. Ms. Bisbey conceded below that she had suffered no damage and the District Court's surmise that she may have been benefited[7] seems correct. Despite this, the litigation has continued for nearly three years, and the statute compels a finding that the Bank is liable. Doubtless the discretion give the District Court to award only nominal damages and a "reasonable"

---

6. For example, under certain circumstances, a failure to make an electronic fund transfer is a violation of section 910, but that omission does not conform to any of the definitions of "error" in section 908.

7. *See Bisbey v. D.C. National Bank*, Civ.Action No. 83–3566, mem. op. at 8 (D.D.C. July 17, 1985).

attorney's fee[8] was designed to mitigate the results of strict liability in cases such as this, involving a technical and non-damaging violation.

### III. CONCLUSION

The "fail[ure]s to comply" with the EFTA in the instant case are plain; moreover, they are failures to which civil liability attaches for they have not been resolved in accordance with section 908. We therefore remand this case to the District Court for a determination of civil liability and attorney's fees pursuant to section 915.

*So ordered.*

---

**8.** *See Hensley v. Eckerhart,* 461 U.S. 424, 430, 103 S.Ct. 1933, 1938, 76 L.Ed.2d 40 (1983) (the district court may consider the amounts involved and the results obtained in determining the amount of fees to be awarded); *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 718 (5th Cir.1974).